\*\* NOT FOR PRINTED PUBLICATION \*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| WILLIAM CURTIS JONES | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:21cv234 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL. | § | |

ORDER OVERRULING OBJECTIONS AND ACCEPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff William Curtis Jones, formerly an inmate confined at the Eastham Unit, proceeding *pro se*, brought the above-styled lawsuit.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the action as repetitious of another pending civil action styled *Jones v. Muniz*, Civil Action No. 9:20cv249, which remains pending before the court.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed a motion for clarification and appointment of legal counsel (docket entry no. 16). In his motion, plaintiff asserts he was unaware of this action until he received the Report of the Magistrate Judge and requests that the first case be dismissed as redundant. Interpreted liberally, plaintiff's motion for clarification is construed as objections to the report and recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. This action was filed as the result of being inadvertently severed from the original action based on plaintiff listing himself as the lead plaintiff in the title of this multi-plaintiff prisoner action, as well as listing himself as "Plaintiff No. Forty-Three" in an amended complaint. *See Jones v. Muniz*, Civil Action No. 9:20cv249, Docket Entry No. 8 at *43 (E.D. Tex. 2021). Based on administrative and security concerns regarding the management of the case while having multiple *pro se* plaintiffs, the amended complaint was severed into separate civil actions. *Id.* The issue of multiple inmate plaintiffs in the same case also raises the issue of prisoners circumventing the intent of the PLRA filing fee requirements. *See Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (finding severance proper in multi-plaintiff prisoner action proper to prevent plaintiffs from circumventing PLRA's unambiguous requirement that each plaintiff must pay the full filing fee); *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

The factual basis for this action is exactly the same as the amended complaint filed in Civil Action No. 9:20cv249, styled *Jones v. Muniz*, because this action was severed from the previous civil action based on the amended complaint. Plaintiff is also the plaintiff in the preceding action, and the amended pleading is the live pleading in that case. Plaintiff may not proceed with two identical actions. Accordingly, this action should be dismissed as repetitious.

Additionally, as a general rule, a civil rights complainant has no automatic right to appointment of counsel unless his case presents exceptional circumstances. *See McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012); *Ulmer v. Chancellor,* 691 F.2d 209, 212 (5th Cir. 1982). Exceptional circumstances include: (1) the type and complexity of the case; (2) the indigent's

inability to adequately present his case; (3) the indigent's inability to adequately investigate his case; and (4) whether the evidence will consist in large part of conflicting testimony as to require skill in the presentation of evidence and in cross-examination. *Ulmer,* 691 F.2d at 213. The court should consider the likelihood that appointment will benefit the plaintiff, the court, and the defendants by "shortening the trial and assisting in just determination." *Murphy v. Kellar,* 950 F.2d 290, 293 n. 14 (5th Cir. 1992).

After considering all of the relevant factors, the court is of the opinion that plaintiff has failed to show either exceptional circumstances warranting the appointment of counsel or that the appointment of counsel would benefit either the parties or the court. There is no reason to believe that plaintiff will be unduly hindered in presenting his case without the assistance of counsel. This case does not present complex factual or legal issues requiring the assistance of counsel. Accordingly, plaintiff's motion for the appointment of counsel is **DENIED**.

### O R D E R

Plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**So Ordered and Signed**
Nov 28, 2021

Ron Clark
Senior Judge